UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE GILLENWATER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:05CV2011 RWS |
| BURLINGTON NORTHERN and SANTA FE RAILWAY CO., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM**

Billie Gillenwater has filed objections to Burlington Northern and Santa Fe Railway Co.'s ("BNSF") supplemental authority in opposition to Gillenwater's motion to remand.

BNSF removed this case from state court on October 28, 2005, on the grounds that Gillenwater's claims are completely preempted by federal legislation. Gillenwater filed a motion to remand on December 2, 2005, on the grounds that there is not complete, i.e., jurisdictional preemption in this case and that there is no federal question in the allegations in the complaint.

On May 16, 2006, the United States Court of Appeals for the Eighth Circuit issued its decision in Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606 (8th Cir. 2006). BNSF submitted the Lundeen case as supplemental authority for its

opposition brief. I found that <u>Lundeen</u> controlled the outcome of the remand issue in this case, and I denied the motion for remand on July 13, 2006. Gillenwater submitted its objections to the use of <u>Lundeen</u> as controlling authority after I issued my Memorandum and Order. I disagree with Gillenwater's interpretation of <u>Lundeen</u>, and I will not reconsider my decision on the motion to remand.

In <u>Lundeen</u>, plaintiffs sued the Canadian Pacific Railway Co. ("CP Rail") in state court for personal injuries and property damages they suffered as a result of a freight train derailment. <u>Lundeen</u>, 447 F.3d at 611. Defendant removed the case to federal court based on federal question jurisdiction. <u>Id.</u> Plaintiffs then amended their complaint in order to remove the federal question. <u>Id.</u> The amended complaint alleged a state cause of action for negligent track inspection. <u>Id.</u> After the plaintiffs amended their complaint, the district court found that it lacked jurisdiction over the case and remanded it to state court. <u>Id.</u> CP Rail appealed the order allowing plaintiffs to amend their complaint and the order of remand. <u>Id.</u>

On appeal, the United States Court of Appeals for the Eighth Circuit found that the Federal Railroad Administration ("FRA") regulations completely preempted plaintiffs' state cause of action and reversed the decision of the district court. <u>Id.</u> at 614-15.

Gillenwater argues that <u>Lundeen</u> does not control the question of federal

jurisdiction in this case. First, Gillenwater argues that "under the 'well-pleaded complaint' rule, plaintiff's claims were not created by federal law, and plaintiff's right to relief does not depend necessarily on the resolution of substantial questions of federal law" and, as a result, "regular" preemption does give rise to federal jurisdiction. Second, Gillenwater argues that this case is distinguishable from <u>Lundeen</u> because Gillenwater has not made any claim against BNSF for negligent track inspection.

I disagree with Gillenwater's argument that "regular," and not "complete," preemption analysis applies in this case because the Eighth Circuit explicitly found that preemption under the Federal Railroad Safety Act is complete unless there is a savings clause indicating that Congress meant to leave open a state cause of action. <u>Id.</u> at 614. Gillenwater has not pointed to, and I have not found, any savings clause that indicates that Congress meant to leave open a state cause of action with respect to Gillenwater's claims. And the Eighth Circuit noted that "'complete' preemption is an exception to the well-pleaded complaint rule and, unlike preemption as a defense, is a basis for federal jurisdiction." <u>Id.</u> at 611.

I also disagree with Gillenwater's argument that this case is distinguishable from <u>Lundeen</u> because there is no claim for negligent track inspection in this case. This case is analogous to <u>Lundeen</u> because FRA regulations govern the safety issues

raised by Gillenwater in the complaint. In <u>Lundeen</u>, the plaintiff brought a state cause of action against CP Rail for negligent track inspection. The Eighth Circuit found that because there were FRA regulations that governed track inspection, and because there was no savings clause associated with those regulations, that the FRSA completely preempted the state cause of action. <u>Id.</u> at 614. Similarly, Gillenwater alleges various safety violations under state law that are also governed by the FRA regulations. <u>See</u> 23 C.F.R. § 646.214 (design of railroad crossing warning devices); 49 C.F.R. § 217.1 *et seq.* (railroad employee safety training); 49 C.F.R. § 221.21 (use of locomotive horn); 49 C.F.R. § 229.129 (audible safety devices); and 49 C.F.R. §§ 234.201 - 234.273 (maintenance, inspections and tests on crossing devices). As a result, Gillenwater's claims are completely preempted by the FRA regulations, and I will retain jurisdiction over this case.

Dated this 15th day of June, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE