UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILLIE GILLENWATER, et al.       )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )        Case No. 4:05CV2011 RWS
                                 )
BURLINGTON NORTHERN and          )
SANTA FE RAILWAY CO., et al.,    )
                                 )
            Defendants.          )

## MEMORANDUM AND ORDER OF REMAND

Plaintiffs ask me to reconsider my prior rulings denying their motions to

remand these consolidated cases back to state court. To persuade me to change my

mind, plaintiffs have provided me with Peters v. Union Pacific Railroad Co., 455 F.

Supp. 2d 998 (W.D. Mo. 2006), a decision issued by United States District Judge

Laughrey sitting in the Western District of Missouri. When faced with the same

issue I previously decided and on facts virtually indistinguishable from those at issue

here, Judge Laughrey concluded that she lacked subject matter jurisdiction over

plaintiff's claims and remanded the case to state court. Having carefully reviewed

that decision, the pleadings and the relevant law, I am convinced that my original

decision denying remand was in error. Because I lack subject matter jurisdiction, I

will remain these cases to state court for the reasons that follow.[1]

The procedural background of these consolidated cases is familiar to the parties, so I will not restate it in depth here. Briefly, however, Gillenwater and T.C. (a minor) were in a motor vehicle struck by a train owned and operated by defendant BNSF.[2] Gillenwater was driving and was killed as a result of the collision; T.C. was a passenger and was injured. Plaintiffs bring state-law negligence claims against BNSF, alleging that BNSF failed to maintain an adequate audible warning system, failed to maintain the railroad crossing, failed to construct the railroad crossing in a safe manner, failed to properly train its employees, and failed to properly maintain its trains and safety equipment. Plaintiffs also allege that Downs and Fleagle operated the train in a dangerous manner and failed to keep a lookout.

BNSF removed the cases to federal court based on diversity jurisdiction, arguing that plaintiffs' state-law claims were completely preempted by federal law.

---

[1]Defendants claim that the motion for reconsideration was untimely filed under Rule 59(e) of the Federal Rules of Civil Procedure and does not meet the requirements for obtaining relief from judgment under Rule 60(b). These rules do not apply here because my prior Order denying remand was not a final order and is therefore "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

[2]Defendant Danny Downs is an engineer for BNSF, and defendant Geoff Fleagle is a conductor for BNSF.

Plaintiffs timely moved for remand, contending that removal was improper on the face of plaintiffs' complaints. I denied remand on June 13, 2006 and held that plaintiffs' state-law claims were completely preempted by the Federal Railroad Safety Act (FRSA). In reaching my decision, I relied heavily on the recent decision from the Eighth Circuit Court of Appeals, Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606 (8th Cir. 2006). In applying Lundeen, I decided that plaintiffs' negligence claims were completely preempted because FRSA regulations govern the safety issues raised in the complaint and do not indicate an intent to leave open a state law cause of action.

Plaintiffs have asked me to reconsider this ruling, contending that I construed the holding in Lundeen too broadly. Having now had the benefit of hindsight and additional caselaw construing Lundeen, I must agree. Federal question jurisdiction is proper when a plaintiff presents a federal question on the face of a well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Federal questions raised in a defendant's answer cannot be the basis for federal question jurisdiction. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). Thus, an ordinary preemption defense cannot be the basis for federal question jurisdiction. Williams, 482 U.S. at 399.

However, even where no federal question appears on the face of a plaintiff's complaint, removal can still proper if federal law completely preempts the plaintiff's state-law claim. Rivet, 522 U.S. at 475; Caterpillar, 482 U.S. at 393 ("[A]ny claim purportedly based on [a] pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law."). Complete preemption is rare. Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir.1996) ("To be completely preemptive, a statute must have extraordinary preemptive power, a conclusion courts reach reluctantly."). In all preemption cases, but especially in areas long occupied by state law, there is a presumption against preemption "unless [preemption] was the clear and manifest purpose of Congress." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947); Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998) (courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit.") (internal citations omitted).

The FRSA's express preemption and savings provision is found in 49 U.S.C. § 20106:

Laws, regulations, and orders related to railroad safety and laws,

regulations, and orders related to railroad security shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order-

(1) is necessary to eliminate or reduce an essentially local safety or security hazard;

(2) is not incompatible with a law, regulation, or order of the United States Government; and

(3) does not unreasonably burden interstate commerce.

Like Judge Laughrey, I find that this savings clause does apply to plaintiffs' claims and that the FRSA does not preempt all state law claims related to railroad safety merely because there are federal regulations that address the issue. It does, obviously, preempt some. To decide which claims are preempted requires a careful examination of each claim in comparison to the federal regulation and Congressional intent.

In seeking remand, plaintiffs allege that they bring four types of negligence claims against BNSF: 1) failure to provide adequate signalization warning motorists

of oncoming trains; 2) failure to clear vegetation[3] and other visual obstructions from the right-of-way so as to provide motorists adequate visibility of oncoming trains pursuant to Mo. Rev. Stat. § 389.665; 3) failure to properly sound the train horn/whistle to warn motorists of the approach of a train pursuant to Mo. Rev. Stat. § 389.990; and 4) failure to slow, decelerate or stop to avoid a specific individual hazard. Defendants contend that each of these claims is preempted by federal law. Defendants are wrong.

1. Warning Devices, Signs and Markings

Defendants assert that FRSA regulations preempt plaintiffs' claims that the signs, markings and warning devices protecting the crossing were inadequate. But the only FRSA regulations pertaining to warning signs with preemptive effect are 23 C.F.R. §§ 646.214(b)(3) and (4), and these subsections only have preemptive effect if the warning devices were installed with federal funds. <u>Norfolk Southern Ry. Co. v. Shanklin</u>, 529 U.S. 344, 352-54 (2000). Although defendants acknowledge that this is the law, they fail to assert that the signs, markings and warning devices protecting the crossing at issue in this case were installed with federal funds. As the removing party, defendants have the burden of establishing federal jurisdiction, not

---

[3]Defendants argue that this claim was included in error because it was not mentioned in their opposition to remand or in my prior Order denying remand, but plaintiffs do plead this as part of their maintenance claim.

plaintiffs.  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  Because defendants have failed to provide any evidence that federal funds were used to install the signs, markings and warning devices protecting the crossing in this case, I find that these claims are not preempted by federal law.

2. Visibility Obstructions: Vegetation

Plaintiffs allege that BNSF failed to adequately clear the brush, trees, debris and other visual obstructions and clutter within the crossing and right-of-way. Vegetation on railroad property which is on or immediately adjacent to the tracks must be kept under control, and state regulation of it is preempted.  See 49 C.F.R. § 213.37; Easterwood v. CSX Transportation, Inc., 933 F.2d 1548, 1554 (11th Cir. 1991), aff'd, 507 U.S. 658 (1993).   However, there are no federal regulations governing vegetation which is not on or immediately adjacent to the railbed.  Id. (citing Missouri Pac. R.R. Co. v. Railroad Comm. of Texas, 833 F.2d 570 (5th Cir. 1987)).  Because the crossing and right-of-way are not areas on or immediately adjacent to the railbed, see Missouri Pacific, 833 F.2d at 577, plaintiffs' claims that they were not adequately free of vegetation are not preempted.  See, Easterwood, 933 F.2d at 1554; Peters, 455 F. Supp. 2d at 1003.

3.      Audible Warning

Defendants assert that the Locomotive Boiler Inspection Act, 49 U.S.C. §

20701 et seq., preempts plaintiffs' claims that defendants failed to sound an audible warning. The LBIA regulates the design, the construction, and the material of every part of the locomotive and tender and of all appurtenances." Napier v. Atlantic Coast Line R.R.Co., 272 U.S. 605, 611 (1926). Plaintiffs must allege a defect or inadequacy in the audible warning device itself for the LBIA to preempt the claims. See Peters, 455 F. Supp. 2d at 1004. Resolving all doubts in favor of remand as I must, see In re Business Men's Assur. Co. of America, 992 F.2d at 183, I find that plaintiffs have alleged only a failure to utilize the warning devices properly and have not alleged that the equipment was defective or inadequate. In particular, I find that the allegations regarding "safety deficiencies" in the audible warning system relate to problems caused by improper use of the equipment, rather than the equipment itself. For this reason, plaintiffs' claims that defendants failed to sound an audible warning are not preempted by federal law. See Peters, 455 F. Supp. 2d at 1004.

    4.    Excessive Speed

Defendants also argue that the FRSA preempts plaintiffs' excessive speed claims. If the train was traveling within the federal speed limit, then the FRSA preempts any state or common law claim as to excessive speed. Easterwood, 507 U.S. at 675. However, the Easterwood Court specifically declined to address the FRSA's preemptive effect on claims "for breach of related tort law duties, such as

the duty to slow or stop a train to avoid a specific, individual hazard." <u>Id.</u> at 675

n.15.  As Judge Laughrey recognized in <u>Peters</u>, other courts have held that

<u>Easterwood</u> does not mandate preemption of claims for failure to show or stop to

avoid a specific, individual hazard.  <u>Peters</u>, 455 F. Supp. 2d at 1003.  Like the

plaintiffs in <u>Peters</u>, plaintiffs here allege that defendants operated the train at an

excessive speed "under the existing conditions and specific individual hazards

presented at this crossing."  Plaintiffs also allege that the individual specific hazards

(which were known, or should have been known, to the defendants) included the

unwavering approach of Gillenwater's vehicle and the imminent danger of the train

colliding with him.  I agree with Judge Laughrey and the other courts that have

considered this issue that plaintiffs' claims that defendants operated the train at an

excessive speed given the known specific individual hazards are not preempted by

the FRSA. <u>See</u> <u>Id.</u>

Because none of plaintiffs' claims are completely preempted, the Court's

subject matter jurisdiction cannot rest on the doctrine of complete preemption.  For

this reason, I must now address the alternative basis for jurisdiction raised by

defendants, the substantial federal question doctrine.

An action that contains an important issue of federal law may establish

federal question jurisdiction in some instances.  <u>Grable & Sons Metal Prods., Inc. v.</u>

Darue Eng'g & Mfg., 545 U.S. 308 (2005). In Grable, the plaintiff filed a quiet title action in Michigan state court alleging that the defendant's title to certain property was invalid, and defendant removed. 545 U.S. at 31. A Michigan court rule required the complaint to specify the facts establishing the superiority of [its] claims, and plaintiff premised its superior title claim on the IRS' failure to give it adequate notice, as defined by federal law. Id. at 313. Whether the plaintiff was given notice within the meaning of the federal statute, the Court recognized, was thus "an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute...." Id. In finding federal question jurisdiction, the Court observed that the meaning of the federal tax provision was an important issue of federal law that belonged in federal court, particularly in light of the government's interest in the prompt and certain collection of delinquent taxes, and the IRS' need for certainty in notice requirements to provide buyers of seized property assurance that the IRS has taken all steps required to convey good title. Id. (quoting United States v. Rodgers, 461 U.S. 677, 709 (1983)). Since then the Supreme Court has noted that matters that will properly merit federal jurisdiction under Grable will be rare. Empire Healthchoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2137 (2006). This is because Grable did not overturn the rule that federal question jurisdiction exists only when a state-law claim necessarily raises a stated federal issue, actually

disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Grable, 125 S.Ct. at 2368.  The mere presence of a federal issue does not automatically confer federal question jurisdiction.  Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Defendants argue that Grable requires the Court to find that plaintiffs' complaints place a substantial federal question in dispute because plaintiffs allege that the defendants violated two federal authorities: 1) the Manual on Uniform Traffic Control Devices for streets, highways, and railway grades and crossings, including the crossing where the collision at issue here took place; and 2) 23 C.F.R. § 646.214(b)(3).  I do not construe the references to two federal authorities as creating "substantial questions of federal law" which would confer jurisdiction on this Court. See Merrell Dow, 478 U.S. at 814.  The federal authorities may be elements of the state claims, but "only to the extent that they provide a reference as a means of creating a duty, the violation of which may constitute negligence under Missouri law."  Connolly v. Union Pacific Railroad Co., 453 F. Supp. 2d 1104, 1109-10 (E.D. Mo. 2006).  Stated another way, plaintiffs make reference to the federal authorities "as a standard upon which to measure defendants' negligence, not necessarily for the assertion that defendants violated the statute and should be

liable." Id. at 1110. There is no assertion that the Court will be required to interpret these two federal authorities or that they are in conflict with state law. "Not every question of federal law involved in a suit is proof that a federal law is the basis of the suit." Rosecrans v. William S. Lozier, Inc., 142 F.2d 118, 123 (8th Cir. 1944).

Defendants also contend that I should find federal question jurisdiction because there is a need for uniform application of the FRSA, which is best done in federal courts. They also argue that it will not adversely impact the division of labor between state and federal courts because railroad crossing claims will not substantially increase the jurisdiction of the federal courts and is more than offset by the need for uniformity.

Judge Laughrey rejected these arguments in Peters, noting that "to date, all case law is contrary to the defendants' position." 455 F. Supp. 2d at 1005 (citing cases). I agree with Judge Laughrey and the other courts that have considered and rejected these arguments as a sufficient basis to find federal question jurisdiction. As Judge Laughrey noted:

> While bringing railroad crossing cases into the federal court system would have a small impact on the division of labor between the state and federal court system, the same argument that Defendants rely on to justify federal question jurisdiction here is applicable to virtually every case where violation of a federal regulation is raised as evidence to

determine the appropriate standard of care in a state tort action. This approach was specifically rejected in Merrell Dow and Grable and is a very narrow exception to the rule because the core issue there was whether a federal agency had violated federal law. Here, it is alleged that a private party violated federal law. To find federal question jurisdiction under these circumstances would open the floodgates to the garden variety torts that the United States Supreme Court, in Merrell Dow, specifically said should not be in federal court.

Peters, 455 F. Supp. 2d at 1005.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' joint motion for reconsideration [#36] is granted, and this case, as well as the consolidated case styled T.B.C., by and through Next Friend Becky Dozier v. BNSF Railway Company, et al., Cause Number 4:05CV2049 RWS, is hereby remanded to the Circuit Court of the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(d).

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2007.